# IN THE COURT OF APPEALS OF IOWA

No. 22-1434
Filed August 30, 2023

**JERRY ALLEN TOLBERT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

A defendant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Jerry Tolbert appeals the dismissal of his application for postconviction relief (PCR) concerning his conviction for robbery in the first degree. He challenges the district court's finding that his application was untimely. Reviewing the record for errors at law, we affirm the district court's dismissal. *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (setting forth standard of review).

On November 30, 2011, a jury convicted Tolbert of first-degree robbery. A panel of our court upheld his conviction on direct appeal. *See State v. Tolbert*, No. 12–0046, 2012 WL 5605277, at *6 (Iowa Ct. App. Nov. 15, 2012). In 2013, Tolbert filed his first PCR application based on ineffective assistance of counsel. Concluding that Tolbert failed to show his counsel breached any essential duties that prejudiced him, the PCR court denied his application and this court affirmed that determination. *See Tolbert v. State*, No. 15–1369, 2016 WL 1697074, at *1 (Iowa Ct. App. April 27, 2016).

This appeal concerns Tolbert's second PCR application, which he filed on August 16, 2018. In May 2022, the State filed a motion to dismiss, arguing Tolbert's claims were both time-barred and substantively unsound. In August, the district court dismissed Tolbert's application as untimely. Tolbert filed a timely notice of appeal.

Tolbert argues his application is not untimely because it relates back to the filing of his first application under *Allison v. State*, 914 N.W.2d 866 (Iowa 2018).[1]

---

[1] Tolbert's application is untimely on its face because Iowa Code section 822.3 (2018) authorizes a three-year window to commence PCR proceedings, absent an applicable exception.

In *Allison*, the Iowa Supreme Court created an exception to the three-year statute of limitations for ineffective-assistance-of-counsel claims targeting both trial and prior PCR counsel. *See* 914 N.W.2d at 891. More specifically, the court ruled:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* (emphasis added).[2]

Tolbert argues that he meets this exception because: (1) his first PCR application was timely filed and alleged ineffectiveness of counsel, (2) his second application alleges ineffective assistance of both trial and PCR counsel, and (3) his second application was promptly filed within two months of the *Allison* decision. However, Tolbert's emphasis on the timing in relation to *Allison* is misplaced. The language in *Allison* quite specifically explains that the successive petition must be filed promptly in relation to "the conclusion of the first PCR action." *See id.* In fact, we already have precedent to this effect:

> *Allison* says what it says. Nothing in *Allison* suggests that the clock for second PCRs runs from the filing of *Allison*. Rather, by its plain terms, *Allison* only applies to second PCRs "filed promptly *after the conclusion of the first PCR action.*" 914 N.W.2d at 891 (emphasis added). So, because [the applicant] did not file his second PCR "promptly after the conclusion of the first PCR action," *Allison* cannot assist him.

---

[2] The amendment to section 822.3 that prevented tolling the statute of limitations in relation back to prior PCR applications abrogated the court's ruling in *Allison* but took effect on July 1, 2019. *See* 2019 Iowa Acts ch. 140, § 34. Tolbert's application was filed before the effective date of this legislation. We assume without deciding that *Allison* applies under these circumstances.

*Velazquez-Ramirez v. State*, 973 N.W.2d 598, 601 (Iowa Ct. App. 2022).

Tolbert attempts to distinguish our court's ruling in *Velazquez-Ramirez* based on the fact that he "filed his second application prior to the expiration of the statute of limitations in his first application, whereas the subsequent application in *Valazquez-Ramirez* was filed six years after the first application." We believe this claim stems from a misunderstanding of the three-year window. Tolbert seems to suggest that our law allows filing within three years of the conclusion of the last PCR action, but in fact, applications must generally "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. Therefore, his second PCR application was not filed prior to the expiration of the statute of limitations.

Tolbert's second PCR application was filed over two years after our court issued its decision regarding Tolbert's first application. However, "we have repeatedly concluded that delays of one year or more are not sufficiently prompt." *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (cleaned up) (concluding a delay of two years was not prompt under *Allison*); *see also Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (concluding a delay of six months did not meet the "prompt" filing mandate in *Allison*). Accordingly, we find Tolbert's second PCR application was not promptly filed after the conclusion of his first PCR action. We conclude the district court properly dismissed the application for untimeliness.

**AFFIRMED.**